IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERRY EMMETT, #1383329,<br>    Plaintiff, | § § § | |
| v. | § | 3:11-CV-0664-G (BK) |
| KAREN MITCHELL,<br>    Defendant. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons set out below, it is recommended that the action be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g).

**I.  BACKGROUND**

Plaintiff, a state inmate confined within the Texas Department of Criminal Justice (TDCJ), filed this *pro se*, non-habeas civil action against Karen Mitchell, the Clerk of this Court. Plaintiff neither paid the filing fee nor sought leave to proceed in forma pauperis. The Court did not issue process pending preliminary screening.

Plaintiff seeks to sue Ms. Mitchell under 18 U.S.C. § 1501, because her office purportedly failed to file a motion requesting the termination of counsel in his pending habeas corpus action, No. 3:08-CV-2219. (Doc. 2 at 1.) Plaintiff requests all "equitable relief [that] . . . can be obtained." (*Id.* at 2.)

**II.  ANALYSIS**

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more

prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had three of his twenty-nine non-habeas civil actions filed during the past two years dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Emmett v. Thaler et al.*, 4:10-CV-2748 (S.D. Tex., Houston Div., Nov. 30, 2010) (dismissing civil rights action with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i)); *Emmett v. Hawthorn, et al.*, 2010 WL 4394264, 4:10-CV-4034 (S.D. Tex., Houston Div., Oct. 29, 2010) (dismissing civil rights action with prejudice for failure to state a claim and as malicious under section 1915(e)(2)(B)); *Emmett v. Officer of the Clerk of Court, et al.*, 7:10-CV0156-O (N.D. Tex., Wichita Falls Div., Nov. 1, 2010) (dismissing case as frivolous under section 1915(e)(2)(B)(i), *appeal dismissed for want of prosecution*, No. 10-11292 (5th Cir. Feb. 14, 2011).[1]

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). The complaint, even when liberally construed, presents no claim that Plaintiff was in danger of any physical injury at the time of filing the same. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). Plaintiff merely complains that a pleading was not filed in a

---

[1] Plaintiff accrued an additional strike in *Emmett v. Thaler*, No. 4:10-CV-2748 (S.D. Tex., Houston Div., Nov. 30, 2010) (dismissing case as frivolous under section 1915(e)(2)(B)(i)). However, because an appeal is currently pending, the judgment of dismissal is not yet final for purposes of the three-strike provision. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996) (judgment of dismissal is final when prisoner has exhausted avenues of appeal or has waived any appellate rights).

habeas corpus action in which he is represented by retained counsel. Therefore, because Plaintiff has not alleged a claim of imminent danger of serious physical injury, the District Court should bar him from proceeding *in forma pauperis* under section 1915(g). *See Adepegba*, 103 F.3d at 388.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $350.00 filing fee.

SIGNED April 5, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE